IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| THOMAS DEWAYNE ELLASON, <br> TDCJ-ID No. 600129, Previous TDCJ-ID <br> No. 000894, SID No. 03556814, <br><br> MARTHA ELLASON, <br><br> KAILYN A. CANTU, <br><br> FRANKIE G. CANTU, <br><br>       Plaintiffs, <br><br> v. <br><br> TEXAS TECH UNIVERSITY HEALTH <br> SCIENCES CENTER, *et al.*, <br><br>       Defendants. | § § § § § § § § § § § § § § § § § § | 5:14-CV-00091-C <br> CIVIL ACTION NO. <br> 5:14-CV-00084-C |

## ORDER

Thomas Dewayne Ellason ("Plaintiff"), proceeding *pro se*, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, and a certified copy of his certificate of inmate trust account on June 9, 2014.

The Court has reviewed Plaintiff's complaint and the memorandum in support thereof and finds the following:

  1.  Plaintiff was incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ") Allred Unit in Iowa Park, Texas, when he filed the instant complaint.

    Plaintiff alleges that he was involved in a traffic accident on July 6, 2012, while being transported between TDCJ prison units. He alleges that the transporting officers either fell asleep or were intoxicated with drugs or alcohol. Following the accident, he was transported to Huntsville Memorial Hospital where it was determined that he suffered "spinal disk injuries." Plaintiff contends that he has subsequently been denied adequate medical care in violation of the Eighth Amendment.

He alleges that the defendants violated his "constitutional rights, privileges, and immunities" under Amendments 1, 5, 8, 9, and 14; Titles 18 U.S.C. §§ 241 and 242; UCC, Business & Commerce Codes, §§ 1.103, 1.107, 1.201, and 1.203; and the Texas Penal Laws under §§ 39.02, 39.03, 71.071, and 71.02.

Plaintiff also alleges that the defendants deprived him of rights to "Due Process, Equal Protection of the laws, Liberty interests," and other privileges, rights and immunities as accorded under the Ninth Amendment, and the defendants violated his rights under 42 U.S.C. §§ 1983, 1985, and 1986.

2.  Plaintiff named Martha Decena Ellason (Plaintiff's wife), Kailyn A. Cantu (Plaintiff's stepdaughter), and Frankie G. Cantu (Plaintiff's stepson) as co-plaintiffs. These co-plaintiffs reside in Beeville, Texas. The complaint does not state the ages of Plaintiff's stepchildren.

   a.  Co-plaintiff Martha Ellason[1] states that she is suing the named defendants for their "participations and violations" of her constitutional rights under Amendments 1, 5, 8, 9, and 14 because "each defendant knowingly and intentionally denied [her] husband the right to proper medical health care"; defendants verbally assaulted and suspended her rights to communicate as husband and wife; defendants suspended her visitation rights; and ignored her requests for and attempts to obtain copies of Plaintiff's medical records.

   b.  Co-plaintiffs Kailyn and Frankie Cantu state that they are suing the defendants for their "participations and violations" of their constitutional rights under Amendments 1, 5, 8, 9, and 14 because the "acts, conduct, omissions, practices, customs, and common policies" of the defendants "either directly or indirectly" caused damage to the parent/child relationships.

3.  On page 68 of the memorandum is a "Verification" that states the Plaintiff and co-plaintiffs "declare under penalty of perjury" that the matters alleged in the memorandum "are true and correct." This "Verification" states that it was "executed on May 31, 2014," and Plaintiff's and the co-plaintiffs' signatures are on page 69 of the memorandum. The co-plaintiffs did not sign the complaint form.

4.  Plaintiff lists the following Defendants on the complaint form: Texas Tech University Health Sciences Center ("TTUHSC"), the TTUHSC Medical Director, the President of TTUHSC, the TTUHSC Board of Regents, the TTUHSC Utilization Management Director, Guy Smith (the TTUHSC Correctional Managed Health Care Director, Dr. Benjamin Leeah (the TTUHSC Regional Medical Director), Dr. Marcia J. Odall (TDCJ Allred Unit), LVN Poore (TDCJ Allred Unit), LVN Steward (TDCJ Allred Unit), LVN Isely (TDCJ Allred Unit), Joseph Michael Eastridge (TDCJ Allred Unit), Nefertiti Weaver-Borden (TDCJ Allred Unit), Christina Ogunleye (TDCJ Allred Unit), Brad Livingston (the TDCJ Director), Richard Wathen (TDCJ Allred Unit), Kyle Jordan Nash

---

[1] Martha Ellason alleges that she was previously employed with TDCJ.

2

(TDCJ officer in Huntsville, Texas), James Andrews (TDCJ officer in Huntsville, Texas), Jacklyn Wischnewsky (TDCJ officer in Huntsville, Texas), LVN Michael W. Utley (TDCJ Goree Unit), and Dr. John Weinberg (of Huntsville Memorial Hospital). Plaintiff states that he is suing all Defendants in both their "official and individual capacities."

5. Plaintiff seeks nominal, compensatory, and punitive damages, injunctive relief, and declaratory relief.

6. Although Plaintiff refers to the co-plaintiffs as "joinder plaintiffs," he has not filed a motion requesting either "required" or "permissive" joinder under Rule 19 or 20 of the Federal Rules of Civil Procedure.

7. Although Plaintiff completed a 42 U.S.C. § 1983 complaint form, filed a 69-page memorandum, and filed over 100 pages of "records," Plaintiff has failed to provide sufficient specific information regarding the alleged acts/omissions of each named defendant for this Court to conduct the judicial screening required in 28 U.S.C. §§ 1915 and 1915A.

**JOINDER**

"Rule 19 of the Federal Rules of Civil Procedure mandates that a party must be joined if (1) 'in that person's absence, the court cannot accord complete relief among existing parties' or (2) 'that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest' or 'leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.'" *United States ex rel. Wright v. Comstock Resources, Inc.*, 456 Fed. Appx. 347, 350 (5th Cir. 2011) (quoting Fed. R. Civ. P. 19(a)(1)). "Under Federal Rule of Civil Procedure 19(b), a party is regarded as 'indispensable' if a court cannot proceed without the party 'in equity and good conscience.'" *Whalen v. Carter*, 954 F.2d 1087, 1096 (5th Cir. 1992) (quoting Fed. R. Civ. P. 19(b)). "Rule 19(b) offers four factors that a court can consider in determining whether a party is indispensable: (1) to what extent a judgment rendered in the party's absence might be prejudicial to that party or others in the lawsuit; (2) the extent to which,

by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in a party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the party cannot be joined." *Id.* When applied in this case, it cannot be said that the three co-plaintiffs are indispensable parties and joinder is not mandated or required under Rule 19.

"Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). "Rule 20 requires that all of the plaintiffs' claims arise out of the same transaction or occurrence and that there is a common issue of fact or law." *Id.* at 574, n. 11. "Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Id.* at 574. "[T]he district court also has discretion to sever claims under Federal Rule of Civil Procedure 42(b), in furtherance of convenience or economy, or to prevent prejudice." *Id.*

The Fifth Circuit Court of Appeals has not addressed whether a prisoner-plaintiff's claims may be permissibly joined with the claims of nonprisoner plaintiffs, but the Court finds that in this particular case, the inherent difficulties of allowing the Plaintiff and co-plaintiffs to proceed jointly necessitate a severance of the claims. First, because Plaintiff is incarcerated, his claims concern events that allegedly occurred during his incarceration, and he is seeking to proceed *in forma pauperis*, his claims are subject to the mandatory exhaustion requirements of 42 U.S.C. § 1997e(a),[2]

---

[2] Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted."

4

the limitation on recovery for mental or emotional injuries set out in 42 U.S.C. § 1997e(e),[3] and the judicial screening and summary dismissal requirements of 28 U.S.C. §§ 1915 and 1915A.[4] Because the co-plaintiffs are not prisoners (that is, they are civilians) their claims are not subject to the requirements of 42 U.S.C. §§ 1997e(a) and (e) and 28 U.S.C. §§ 1915 and 1915A. Second, Plaintiff is currently incarcerated in the Allred Unit in northwest Texas, while the co-plaintiffs state that they reside in Beeville, Texas, in the far southern part of Texas. Moreover, Plaintiff may be transferred at any time to any other prison in Texas. This could create delays in the prosecution of the case because each party in this case is required to sign every pleading. See Fed. R. Civ. P. 11(a) (providing that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented"). Third, Plaintiff has not stated that he is an attorney at law admitted to practice before the courts of the State of Texas and the federal district courts of the Northern District of Texas. A party "can represent himself or be represented by an attorney" in federal court, but he "cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Therefore, Plaintiff may represent himself in this civil action, but he is not authorized to represent the co-plaintiffs in any court and he does not have a constitutional right to represent others. See *Guajardo v. R. F. Luna*, 432 F.2d 1324, 1325 (5th Cir. 1970) ("[T]he requirement that only licensed lawyers may represent others in court is a reasonable rule that does not offend any constitutional guarantee."). Furthermore,

---

[3]Section 1997e(e) states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

[4]Section 1915(d)(2) and Section 1915A both provide for the dismissal at any time of a prisoner's complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or the complaint "seeks monetary relief from a defendant who is immune from such relief."

Plaintiff "should be mindful that the unauthorized practice of law is prohibited in Texas and may be prosecuted as a criminal offense in state court." *Hao Liu v. Plano Medical Center*, 328 Fed. Appx. 904, 905 (5th Cir. 2009). Finally, because neither the complaint nor the memorandum contains sufficient information regarding the co-plaintiffs' claims, this Court cannot determine the proper venue for the claims or even whether this Court has jurisdiction over the claims. Thus, the impracticalities set out above and the inherent difficulties associated with Plaintiff's incarceration necessitate a severance of co-plaintiffs' claims. *See Richardson v. Morris County Correctional Facility*, 2006 WL 1582076, at *2 (D.N.J. June 5, 2006) ("Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult.").

## VENUE

Venue for a Section 1983 action lies in the judicial district where a defendant resides, or in the judicial district where a substantial part of the events or omissions giving rise to the claims occurred. 28 U.S.C. § 1391(b). A district court may upon its own motion, transfer any civil action to any other district or division where the claim might have been brought, for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. §§ 1404 and 1406.

Plaintiff has raised claims alleged to have occurred in Lubbock County, Texas, which is located in the Lubbock Division of the United States District Court for the Northern District of Texas; claims alleged to have occurred in Wichita County, Texas (the TDCJ Allred Unit claims), which is located in the Wichita Falls Division of the United States District Court for the Northern District of Texas; and claims alleged to have occurred in Walker County, Texas (the Goree Unit and the Huntsville, Texas claims), which is located in the Houston Division of the United States District Court for the Southern District of Texas. Plaintiff also states that the defendants named in the

complaint reside in Lubbock County, Texas; Wichita County, Texas; and Walker County, Texas. Accordingly, the Court finds that in the interest of justice and for the convenience of the parties and witnesses, Plaintiff's claims should be severed and transferred to the appropriate venues.

## CONCLUSION

For the reasons set forth above, it is ORDERED:

1. Co-plaintiffs Martha Ellason, Kailyn A. Cantu, and Frankie G. Cantu and their claims are severed from Civil Action No. 5:14-CV-00084-C and dismissed without prejudice to refiling in the proper venue and jurisdiction.

2. The complaints of deliberate indifference to health and safety and any other claims alleged to have occurred at the TDCJ Allred Unit in Wichita County, Texas, and Defendants Dr. Marcia J. Odall, LVN Poore, LVN Steward, LVN Isely, Joseph Michael Eastridge, Nefertiti Weaver-Borden, Christina Ogunleye, Richard Wathen, and Dr. Benjamin Leeah are severed from the instant complaint and transferred to the Wichita Falls Division for the United States District Court for the Northern District of Texas.

3. The complaints of deliberate indifference to health and safety and any other claims alleged to have occurred in Walker County, Texas, and Defendants Brad Livingston, Kyle Jordan Nash, James Andrews, Jacklyn Wischnewsky, LVN Michael W. Utley, and Dr. John Weinberg are severed from the instant complaint and transferred to the Houston Division of the United States District Court for the Southern District of Texas.

4. The Clerk shall file a copy of Plaintiff's Application to Proceed *In Forma Pauperis* and his certificate of inmate trust account in each severed case.

5. The caption of this Civil Action No. 5:14-CV-00084-C shall be changed to **THOMAS DEWAYNE ELLASON v. TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER, *et al.*** and shall hereafter reflect that the only Plaintiff is Thomas Dewayne Ellason and the only Defendants are the Texas Tech University Health Sciences Center, the TTUHSC Medical Director, the President of TTUHSC, the TTUHSC Board of Regents, the TTUHSC Utilization Management Director, and Guy Smith (the TTUHSC Correctional Managed Health Care Director).

6. Plaintiff Thomas Dewayne Ellason shall file an amended complaint in Civil Action No. 5:14-CV-0084-C on or before July 4, 2014, and **specifically** set forth his claims against the Texas Tech University Health Sciences Center, the TTUHSC Medical Director, the President of TTUHSC, the TTUHSC Board of Regents, the TTUHSC Utilization Management Director, and Guy Smith (the TTUHSC Correctional Managed Health Care Director) on the form marked Amended Complaint and provided by the Clerk. **Plaintiff shall completely answer the questions on the form marked AMENDED COMPLAINT and shall not incorporate by reference, or otherwise, any portion of the complaint previously submitted and shall not attach it or any portion of the complaint previously submitted as an exhibit. Plaintiff shall provide specific facts (such as date, time, location, *etc.*) regarding the alleged constitutional violations and provide information regarding his attempts to resolve the problems through the prison administrative grievance procedures. Plaintiff shall sign his AMENDED COMPLAINT.**

Plaintiff is admonished that if he includes any claims or defendants that have been severed from the instant complaint in his Amended Complaint, such claims and defendants shall be dismissed.

7. The Clerk shall send Plaintiff a § 1983 complaint form marked "Amended Complaint" and Civil Action No. 5:14-CV-0084-C together with a copy of this Order.

8. To the extent that Plaintiff has requested an evidentiary hearing at page 20, his request is denied without prejudice.

9. Service of process shall be withheld pending judicial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

10. No amendments or supplements to any AMENDED COMPLAINT shall be filed without prior Court approval.

11. All discovery is stayed until further order.

12. Plaintiff shall promptly notify the Court of any change of address by filing a written change of address with the Clerk. Failure to file such notice may result in a dismissal of the complaint for want of prosecution.

Judgment shall be entered accordingly.

**Plaintiff is admonished that his failure to comply with any part of this Order may result in the dismissal of Plaintiff's complaints.**

Dated June _12_, 2014.

SAM R. CUMMINGS
United States District Judge